IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES EUGENE MOORE, AIS #297332, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:19-CV-693-WKW [WO] |
| R. LEWIS, B. DANIELS, B. WILLIAMS C. BRYANT, MR. GILLIAM, and KARLA JONES, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER APPOINTING TRIAL COUNSEL FOR PLAINTIFF

The district court has broad discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent plaintiff "if doing so would advance the proper administration of justice" and "exceptional circumstances" warrant the appointment. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (accord). Factors that bear on whether there are exceptional circumstances include "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer*, 691 F.2d at 213

(internal citations omitted); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Ulmer* with approval). Additional considerations are "whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer*, 691 F.2d at 213.

After careful consideration of the legal, factual, and procedural issues in light of the foregoing factors, the court finds that the appointment of counsel at this stage of the proceedings will promote "the proper administration of justice." *Id.* The evidence in support of Plaintiff's claim for damages is not frivolous but will consist, it appears, largely of conflicting witness testimony. The appointment of counsel will provide Plaintiff with the expertise needed for the effective presentation of evidence and the cross-examination of witnesses. It also will aid the court in assessing the truth of the witnesses' testimony. Moreover, counsel will be able to streamline the issues, which will necessarily promote judicial efficiency.

Accordingly, it is ORDERED that Clay M. Phillips, Esq,, of the Clay Phillips Law Firm is appointed to represent Plaintiff in this action. Within ten days of the date of this Order, Mr. Phillips shall file a Notice of Appearance. The Clerk of the Court is DIRECTED to provide a copy of this order to Mr. Phillips at the electronic address on file.

It is further ORDERED as follows:

(1)   Mr. Phillips is DIRECTED to meet and confer with Plaintiff and separately with opposing counsel, and, thereafter, **on or before September 19, 2022**, the parties shall file a Report of the Planning Meeting that includes the following information:

    (a)   Whether any additional discovery is needed and, if so, what type of discovery;

    (b)   Whether the parties request mediation;

    (c)   Proposed pretrial hearing and trial dates; and

    (d)   Proposed dates for filing motions *in limine*, witness lists, exhibit lists, and deposition designations (if any).

DONE this 11th day of August, 2022.

                                                 /s/ W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE